# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

October 31, 2008

No. 08-5412

IN RE: RICHARD B. CHENEY, VICE PRESIDENT OF THE UNITED
STATES, ET AL.,
PETITIONERS

———

On Petition for Writ of Mandamus
and Motion for Stay Pending Proceedings
(D.D.C. No. 08-1548)

———

*Gregory G. Katsas*, Assistant Attorney General, U.S.
Department of Justice, *Jonathan F. Cohn*, Deputy Assistant
Attorney General, and *Mark B. Stern*, *Michael S. Raab*, and
*Mark R. Freeman*, Attorneys, were on the petition for writ of
mandamus and motion to stay pending proceedings and the
reply.

*Anne L. Weismann*, *Melanie Sloan*, and *David L. Sobel*
were on the response to the petition for writ of mandamus and
motion to stay pending proceedings.

Before: GINSBURG, TATEL, and GRIFFITH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM: This litigation concerns the document retention policies of the Office of the Vice President (OVP) under the Presidential Records Act (PRA), 44 U.S.C. §§ 2201 *et seq.* Plaintiffs, nonprofit organizations and historians, seek declaratory and mandamus relief against OVP, Vice President Richard Cheney, the Archivist of the United States, and related entities, alleging that OVP applies an unduly narrow construction of the statutory term "Presidential records," leading to the misclassification of some vice-presidential documents and their subsequent loss to posterity. *See* 44 U.S.C. § 2201(2) (defining "Presidential records"); *id.* § 2203 (specifying procedures for preservation of presidential records); *id.* § 2207 (applying all terms of PRA to vice-presidential records). In response to these charges, OVP submitted to the district court two sworn declarations—one from Claire O'Donnell, the Vice President's Deputy Chief of Staff, and one from Nancy Kegan Smith of the National Archives—denying, as a factual matter, that OVP employs any narrowing construction. *See* Defs.' Opp. Mot. Prelim. Inj. 1-5, 6-16; O'Donnell Decl. 1-5; Smith Decl. 1-4. The district court entered a preliminary injunction to preserve the status quo while it assessed the "seminal" issue of whether OVP is in fact complying with the PRA's requirements. *Citizens for Responsibility & Ethics in Wash. v. Cheney* ("*CREW I*"), No. 08-1548 (CKK), 2008 WL 4287403, at *8, *12 (D.D.C. Sept. 20, 2008). But after a month of litigation and several district court requests for clarification, the basic issue of what PRA classification policies OVP actually practices remains unresolved.

Appreciating the potentially dispositive nature of this seemingly intractable factual dispute, and concerned about the limited time for briefing before the end of the Administration, the district court allowed plaintiffs to depose Nancy Kegan Smith and David Addington, the Vice President's Chief of

Staff. *Citizens for Responsibility & Ethics in Wash. v. Cheney* ("*CREW II*"), No. 08-1548 (CKK), slip op. at 18 (D.D.C. Sept. 24, 2008). The district court confined these depositions to a narrow range of topics that would allow plaintiffs to follow-up on factual questions that OVP had put at issue in its declarations and directed that they be conducted in the presence of a judicial officer to resolve privilege issues and prevent any overreaching. *Id.* at 18-20. OVP nonetheless petitions for mandamus, asking us to vacate the district court's discovery order as an "unprecedented" intrusion into the prerogatives of the Vice Presidency. Pet. 1.

An "extraordinary remedy," mandamus is justified only in "exceptional circumstances amounting to a judicial usurpation of power." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (internal quotation marks omitted). The tripartite standard for issuance of the writ is therefore exacting: the right to relief must be "clear and indisputable"; there must be "no other adequate means to attain the relief"; and "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 380-81 (internal quotation marks omitted). In the context of discovery ordered against the Vice President, the Supreme Court has instructed that we "ask, as part of this inquiry, whether the District Court's actions constituted an unwarranted impairment of another branch in the performance of its constitutional duties." *Id.* at 390.

OVP argues that it has a clear and indisputable right to relief from the depositions because the district court ordered "intrusive" discovery while refusing to consider a winning threshold argument for dismissal under our precedent in *Armstrong v. Bush*, 924 F.2d 282, 291 (D.C. Cir. 1991) (holding that PRA impliedly precludes judicial review of decision to destroy presidential records). In pressing for

mandamus, OVP places singular reliance on the Supreme Court's decision in *Cheney*, 542 U.S. at 390, and on our decision following that remand, *In re Cheney*, 406 F.3d 723, 728, 731 (D.C. Cir. 2005) (en banc). We agree that those decisions stand for the general principle that mandamus may be warranted where valid threshold grounds for dismissal, denied by the district court, would obviate the need for intrusive discovery against the Vice President. But for several reasons, as explained below, we are convinced that *Cheney* requires only limited mandamus relief here, regardless of the merits of OVP's argument under *Armstrong*.

First and foremost is the litigation posture of this case in the district court. OVP implies in its petition that the district court refused numerous attempts to move for dismissal based on *Armstrong*, *see, e.g.*, Pet. 2, but this finds no support in the record. OVP's filings in the district court fully developed its factual argument that it was complying with the PRA, *see* Defs.' Opp. Mot. Prelim. Inj. 1-16; Defs.' Mot. Recons. 1-7; Smith Decl.; O'Donnell Decl.; Second Suppl. O'Donnell Decl., while making only oblique reference to "jurisdictional" arguments to be named later and citing *Armstrong* only in passing. Indeed, the district court did allow OVP to "raise any of [its] unspecified jurisdictional arguments in a motion to dismiss pursuant to the briefing schedule set by the Court," *Citizens for Responsibility and Ethics in Wash. v. Cheney* ("*CREW III*"), No. 08-1548 (CKK), 2008 WL 4457871, at *2 (D.D.C. Oct. 5, 2008), but OVP failed to do so. Not until it asked the district court to stay its discovery order did OVP clearly argue that the entire factual inquiry—which *it* raised— should be set aside in view of *Armstrong*. *See CREW III*, 2008 WL 4457871, at *11 (relying on defendants' conduct in denying stay pending petition for mandamus); *see generally CREW II* (detailing procedural history below). By contrast, in *Cheney* a motion to dismiss had been briefed and decided

before any request for mandamus. In the judgment of the district court here, the current litigation posture necessitates limited discovery to permit timely adjudication of the factual defense OVP has itself raised. On the basis of the procedural record in the district court and given the deference we owe trial courts in the management of their cases, *e.g.*, *Berry v. Dist. of Columbia*, 833 F.2d 1031, 1037 n.24 (D.C. Cir. 1987), that judgment is not remotely one from which defendants have an indisputable right to relief.

This case differs from *Cheney* for a second reason. In *Cheney* discovery would have provided plaintiffs "all the disclosure to which they would [have] be[en] entitled in the event they prevail[ed] on the merits, and much more besides." 542 U.S. at 388. This rendered an appeal from final judgment inadequate and counseled strongly for immediate mandamus relief to prevent the horses from irretrievably exiting the barn. Here the discovery is far more limited and does not itself provide the relief sought in the complaint. The depositions are intended to allow follow-up questioning on facts OVP has itself put in evidence, not to allow interrogatories and document production requests on "everything under the sky." *Id.* at 387. Moreover, the ultimate relief plaintiffs seek here is a declaration on whether OVP's classification policy is consistent with the PRA, as well as possible mandamus to preserve records—relief far beyond merely allowing follow-up questions on the issue of what classification policy the Office actually follows.

The discovery here is thus appropriately narrow, save in one respect. David Addington is the Vice President's Chief of Staff and has no apparent involvement in this litigation. Plaintiffs have so far shown no need for the deposition of such a high-ranking member of the Office, especially when O'Donnell would seem more logically suited to clearing up

lingering questions regarding her own affidavits. OVP has asked to designate a different witness, Pet. 14 n.8, and because O'Donnell—perhaps among others—represents a seemingly viable alternative, deposing Addington would constitute an "unwarranted impairment" of the functioning of OVP. *Cheney*, 542 U.S. at 390. The duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere. *See, e.g.*, *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985). Therefore we conclude that OVP has a clear and indisputable right to relief from the deposition of the Vice-President's Chief of Staff and no other means of obtaining that relief. Our discretion to issue the writ of mandamus extends to directing the district court to modify its discovery order, as OVP requested in the alternative. *See Cheney*, 542 U.S. at 390 (noting that "narrow[ing], on its own, the scope of the subpoenas" is "but one example of the choices available to the District Court and the Court of Appeals").

If we assume substitution of O'Donnell for Addington, all the district court has proposed is to allow follow-up with individuals who have already seen fit to go under oath—one of whom is not a member of the Vice President's staff at all. No exhaustive document searches are required and the questions will be supervised by a judicial officer to prevent overreaching. Even if OVP has a winning *Armstrong* argument, allowing this course will cause it little to no inconvenience, making mandamus inappropriate. Should OVP file and the district court eventually deny the still notional motion to dismiss, there will be ample opportunity for review, whether by mandamus or on direct appeal as circumstances warrant.

We direct the district court to allow substitution of an appropriate witness for Addington.  In all other respects, the petition for mandamus is denied.

*So ordered.*