**<u>UNPUBLISHED</u>**

December 9, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 15-2390
(5:14-cv-000390JBP**)**
_____

In re:  GINA MCCARTHY, in her official capacity as Administrator
of the United States Environmental Protection Agency

Petitioner

_____

CORRECTED ORDER GRANTING WRIT OF MANDAMUS
_____

Before the Court is the U.S. Environmental Protection Agency's (EPA) petition for a writ of mandamus precluding the deposition of EPA Administrator Gina McCarthy in the case <u>Murray Energy Corp. v. McCarthy</u>, No. 5:14-cv-00039-JPB, in the Northern District of West Virginia.  On November 12, 2015, the district court denied EPA's motion for a protective order.  For the reasons set forth below, we grant EPA's petition for mandamus.

Plaintiff energy companies brought this citizen suit alleging that EPA had failed to comply with Section 321(a) of the Clean Air Act (CAA), which provides: "[t]he Administrator shall conduct continuing evaluations of potential loss or shifts of employment

1

which may result from the administration or enforcement of the provision of this chapter and applicable implementation plans, including where appropriate, investigating threatened plant closures or reductions in employment allegedly resulting from such administration or enforcement." 42 U.S.C. § 7621(a). EPA moved to dismiss on the ground that Section 321(a) is discretionary and thus the district court lacked jurisdiction. See 42 U.S.C. § 7604. On September 16, 2014, the district court ruled, as a matter of first impression, that Section 321(a) creates a non-discretionary duty and denied EPA's motion to dismiss.

EPA then moved for summary judgment, relying on a set of fifty-three documents to demonstrate its compliance with any non-discretionary duty imposed by Section 321(a). These documents included Regulatory Impact Analyses, Economic Impact Assessments, white papers, and other reports. EPA conceded that it had "completed no other evaluations of potential employment impacts of the [CAA] at this time," [Doc. 77 at 2], and that "[s]hould this Court conclude that the documents do not satisfy the duty [in Section 321(a)], then summary judgment should be entered against EPA." [Doc. 76 at 18]. Plaintiffs opposed the motion, including EPA's proffer that Plaintiffs be granted summary judgment if the documents were found not to satisfy Section 321(a). Instead, Plaintiffs requested that EPA's motion be held in abeyance pending

2

the completion of discovery, which the district court granted. On October 7, 2015, Plaintiffs noticed the deposition of McCarthy.

It is well established that high-ranking government officials may not be deposed or called to testify about their reasons for taking official actions absent "extraordinary circumstances." See, e.g., Franklin Sav. Ass'n v. Ryan, 922 F.2d 209, 211 (4th Cir. 1991); Simplex Time Recorder Co. v. Sec'y of Labor, 766 F.2d 575, 586 (D.C. Cir. 1985); In re FDIC, 58 F.3d 1055, 1060 (5th Cir. 1995). When such circumstances are not present, mandamus is appropriate to prevent a district court from compelling an official's appearance. See, e.g., U.S. Bd. of Parole v. Merhige, 487 F.2d 25, 29 (4th Cir. 1973), cert. denied, 417 U.S. 918 (1974); In re United States (Jackson), 624 F.3d 1368, 1372–73 (11th Cir. 2010); In re Cheney, 544 F.3d 311, 314 (D.C. Cir. 2008).

Here, the district court found extraordinary circumstances to exist because of an apparent conflict between EPA's position in its summary judgment motion and its position before Congress. Since 2009, McCarthy, on behalf of EPA, has responded to various questions from members of Congress about Section 321(a).[1] The

---

[1] For example, in a letter dated June 22, 2011, McCarthy responded to a question posed by Congressman Darrell Issa regarding EPA's Section 321(a) analysis of its greenhouse gas regulations, stating:

> The EPA has provided detailed regulatory impact analyses for each of its major greenhouse gas

3

district court inferred from these responses that "EPA has never made any evaluations of job losses under § 321(a)." [Doc. 164 at 18]. The court found this to be "directly contrary to the position of the EPA in this case," id., namely, EPA's statement that it "is entitled to summary judgment because it has conducted 'continuing evaluations of potential loss or shifts of employment which may result from the administration or enforcement of the provision of

> regulations that provide extensive information about the economic impact of those rules. . . .
> . . . .
> Section 321 was added in the 1977 amendments to the Clean Air Act. Both the House and Senate Committee Reports for the 1977 amendments describe the purpose of section 321 as addressing situations where employers make allegations that environmental regulations will jeopardize employment, possibly in order to stimulate union or other public opposition to environmental regulations. . . . The committee reports do not describe the provision as applying broadly to all regulations or implementation plans under the Clean Air Act.
> In keeping with congressional intent, the EPA has not interpreted section 321 to require the Agency to conduct employment investigations in taking regulatory actions. Conducting such investigations as part of rulemakings would have limited utility since section 321(d) expressly prohibits the EPA . . . from "modifying or withdrawing any requirement imposed or proposed to be imposed under the Act" on the basis of such investigations. As noted above, section 321 was instead intended to protect employees in individual companies by providing a mechanism for the EPA to investigate allegations - typically made by employers - that specific requirements, including enforcement actions, as applied to those individual companies, would result in layoffs. The EPA has not received any request for any such investigation with regard to its [Greenhouse Gas] regulations.

[Doc. 157, Ex. 10 at 7].

4

this chapter and applicable implementation plans,' as required by Section 321(a) of the Clean Air Act." [Doc. 76 at 1 (quoting 42 U.S.C. § 7621(a))].

Accepting arguendo the district court's characterization of McCarthy's statements, we fail to see the contradiction.[2] EPA did not claim that the documents submitted with its summary judgment motion were prepared "under" or "pursuant to" Section 321(a), or for the purpose of complying with that section. Indeed, EPA explicitly conceded that "none of the documents upon which it relies to demonstrate its performance of the duty in Section 321(a) were prepared explicitly for that purpose or labeled as Section 321(a) evaluations." [Doc. 88 at 11]. It is not contradictory for EPA to argue that the documents nevertheless satisfy whatever obligation is imposed by Section 321(a). Such a position seems eminently reasonable in light of the fact that no court, including the district court here, has ever explicated what Section 321(a) requires.[3] Indeed, the district court may yet determine that EPA's documents satisfy Section 321(a).

In short, we see no contradiction in EPA's positions that would support the district court's finding of an extraordinary

---

[2] We express no view as to whether a contradiction, if present, would constitute an extraordinary circumstance.

[3] The district court has reserved judgment on the scope of injunctive relief it may award.

5

circumstance. We are similarly unpersuaded that there is no alternative to deposing McCarthy because "only [she] can speak to the dichotomy evidenced in her statements and EPA's litigation position." [Pls.' Resp. to Second Petition for Writ of Mandamus 23]. Plaintiffs have not demonstrated a need for McCarthy's testimony beyond what is already in the public record, particularly since the district court has authorized Plaintiffs to take a Rule 30(b)(6) deposition of the agency.

Finally, the district court found EPA's "apparent refusal" to comply with Section 321(a) to constitute prima facie evidence of wrongdoing. [Doc. 164 at 19]. See Franklin Sav. Ass'n, 922 F.2d at 211 ("Only where there is a clear showing of misconduct or wrongdoing is any departure from this rule [that the judiciary may not probe the mental processes of an executive or administrative officer] permitted."). We disagree. We see no clear misconduct in EPA's alleged failure to perform a duty that was not declared to be mandatory until the district court so declared in this case.[4] Cf. Singer Sewing Machine Co. v. NLRB, 329 F.2d 200, 205, 208 (4th Cir. 1964) (finding misconduct where there was prima facie evidence that agency violated statute previously construed by multiple

---

[4] Whether the district court properly found Section 321(a) to create a mandatory duty is not before us, and we express no view on that question.

6

courts of appeals (citing <u>Overnite Transp. Co. v. NLRB</u>, 327 F.2d 36 (4th Cir. 1963))).

For these reasons, EPA's petition for a writ of mandamus is granted.

Entered at the direction of the panel:  Judge Motz, Judge Gregory and Judge Floyd.

For the Court

/s/ Patricia S. Connor, Clerk