**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2432**

MURRAY ENERGY CORPORATION; MURRAY AMERICAN ENERGY, INC.; THE AMERICAN COAL COMPANY; AMERICAN ENERGY CORPORATION; THE HARRISON COUNTY COAL COMPANY; KENAMERICAN RESOURCES, INC.; THE MARION COUNTY COAL COMPANY; THE MARSHALL COUNTY COAL COMPANY; THE MONONGALIA COUNTY COAL COMPANY; OHIOAMERICAN ENERGY, INC.; THE OHIO COUNTY COAL COMPANY; UTAHAMERICAN ENERGY, INC.,

Plaintiffs - Appellees,

v.

ADMINISTRATOR OF ENVIRONMENTAL PROTECTION AGENCY,

Defendant – Appellant,

and

MON VALLEY CLEAN AIR COALITION; OHIO VALLEY ENVIRONMENTAL COALITION; KEEPER OF THE MOUNTAINS FOUNDATION,

Movants.

**No. 17-1093**

MURRAY ENERGY CORPORATION; MURRAY AMERICAN ENERGY, INC.; AMERICAN COAL COMPANY; AMERICAN ENERGY CORPORATION; HARRISON COUNTY COAL COMPANY; KENAMERICAN RESOURCES, INC.; MARION COUNTY COAL COMPANY; MARSHALL COUNTY COAL COMPANY; MONONGALIA COUNTY COAL COMPANY;

OHIOAMERICAN ENERGY, INC.; OHIO COUNTY COAL COMPANY; UTAHAMERICAN ENERGY, INC.,

Plaintiffs – Appellees,

v.

THE ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Defendant – Appellee,

v.

KEEPER OF THE MOUNTAINS FOUNDATION; MON VALLEY CLEAN AIR COALITION; OHIO VALLEY ENVIRONMENTAL COALITION,

Movants – Appellants.

-------------------------------------

CAUSE OF ACTION INSTITUTE; STATE OF WEST VIRGINIA; STATE OF ARIZONA; STATE OF ARKANSAS; STATE OF GEORGIA; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF MICHIGAN; STATE OF NEBRASKA; STATE OF NEVADA; STATE OF OHIO; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF TEXAS; STATE OF UTAH; STATE OF WISCONSIN; STATE OF WYOMING,

Amici Supporting Appellees.

**No. 17-1170**

MURRAY ENERGY CORPORATION; MURRAY AMERICAN ENERGY, INC.; AMERICAN COAL COMPANY; AMERICAN ENERGY CORPORATION; HARRISON COUNTY COAL COMPANY; KENAMERICAN RESOURCES, INC.; MARION COUNTY COAL COMPANY; MARSHALL COUNTY COAL COMPANY; MONONGALIA COUNTY COAL COMPANY; OHIOAMERICAN ENERGY, INC.; OHIO COUNTY COAL COMPANY; UTAHAMERICAN ENERGY, INC.,

Plaintiffs – Appellees,

2

v.

THE ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Defendant – Appellant,

v.

MON VALLEY CLEAN AIR COALITION; KEEPER OF THE MOUNTAINS FOUNDATION; OHIO VALLEY ENVIRONMENTAL COALITION,

Movants.

-------------------------------

CAUSE OF ACTION INSTITUTE; STATE OF WEST VIRGINIA; STATE OF ARIZONA; STATE OF ARKANSAS; STATE OF GEORGIA; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF MICHIGAN; STATE OF NEBRASKA; STATE OF NEVADA; STATE OF OHIO; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF TEXAS; STATE OF UTAH; STATE OF WISCONSIN; STATE OF WYOMING,

Amici Supporting Appellees.

————————————

Appeals from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:14-cv-00039-JPB)

————————————

Argued: May 9, 2017                                      Decided: June 29, 2017
Amended: July 18, 2017

————————————

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

————————————

Vacated in part and remanded with instructions; dismissed in part by published opinion. Judge Floyd wrote the opinion, in which Judge Diaz and Judge Thacker joined.

————————————

**ARGUED:** Matthew Littleton, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; William V. DePaulo, Charleston, West Virginia, for Appellants. John Lazzaretti, SQUIRE PATTON BOGGS (US) LLP, Cleveland, Ohio, for Appellees. **ON BRIEF:** Gautam Srinivasan, Matthew C. Marks, Air and Radiation Law Office, Office of General Counsel, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Washington, D.C.; Jeffrey H. Wood, Acting Assistant Attorney General, Jennifer Scheller Neumann, Patrick R. Jacobi, Richard Gladstein, Laura J.S. Brown, Sonya Shea, Environment & Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant/Cross-Appellee United States Environmental Protection Agency. Geoffrey K. Barnes, Robert D. Cheren, Danelle M. Gagliardi, Robert B. McCaleb, SQUIRE PATTON BOGGS (US) LLP, Cleveland, Ohio, for Appellees. Joshua N. Schopf, Eric R. Bolinder, CAUSE OF ACTION INSTITUTE, Washington, D.C., for Amicus Cause of Action Institute. Patrick Morrisey, Attorney General, Elbert Lin, Solicitor General, Erica N. Peterson, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Amici State of West Virginia, State of Arizona, State of Arkansas, State of Georgia, State of Kansas, State of Louisiana, State of Michigan, State of Nebraska, State of Nevada, State of Ohio, State of Oklahoma, State of South Carolina, State of Texas, State of Utah, State of Wisconsin, and State of Wyoming.

———————

FLOYD, Circuit Judge:

In this case, we consider the bounds of a federal court's authority under the Clean Air Act (CAA) to correct an alleged failure by the U.S. Environmental Protection Agency (EPA) to perform a non-discretionary, CAA-based act or duty. *See* 42 U.S.C. § 7604(a)(2). The precise issue before us is whether this authority extends to review of the EPA's management of its continuous duty to evaluate the potential employment impact of CAA administration and enforcement. *See* 42 U.S.C. § 7621(a). We hold that it does not.

I.

In 1977, after extensive public debate about the effects of the CAA's environmental rules on employment, Congress enacted Section 321 of the CAA as a mechanism for reviewing those effects. *See* H.R. Rep. No. 95-294, at 316–18 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1077, 1395–97.

At issue in this case is Section 321(a) of the CAA, 42 U.S.C. § 7621(a), which directs the EPA to continuously evaluate the potential employment impact of CAA administration and enforcement. Section 321(a) provides:

> The [EPA] Administrator shall conduct continuing evaluations of potential loss or shifts of employment which may result from the administration or enforcement of the provision of this chapter and applicable implementation plans, including where appropriate, investigating threatened plant closures or reductions in employment allegedly resulting from such administration or enforcement.

42 U.S.C. § 7621(a).

5

In 2014, Murray Energy Corporation and related companies (collectively, "Murray") filed the instant suit against the EPA Administrator, alleging a failure to comply with Section 321(a). Murray filed its suit under Section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2), which in pertinent part provides: "[A]ny person may commence a civil action on his own behalf . . . against the [EPA] Administrator where there is alleged a failure of the Administrator to perform any act or duty under [the CAA] which is not discretionary with the Administrator." Murray's suit requested an injunction (1) ordering the EPA to conduct Section 321(a) evaluations; and (2) prohibiting the EPA from engaging in certain regulatory activities until it had conducted such evaluations.

At the outset of the litigation, the EPA moved to dismiss Murray's suit on jurisdictional grounds. The EPA first argued that its Section 321(a) duty was not a non-discretionary duty cognizable under Section 304(a)(2). In a subsequent filing, the EPA added that Murray lacked standing to challenge the EPA's alleged non-compliance with Section 321(a). The district court rejected both of the EPA's jurisdictional arguments, and declined to dismiss Murray's suit at the pleading stage.

Subsequently, the EPA moved for summary judgment and simultaneously proffered fifty-three documents to prove the agency's compliance with Section 321(a). The EPA's documents—which the agency conceded had not been prepared explicitly for the purpose of Section 321(a) compliance—included regulatory impact analyses, economic impact analyses, white papers, and other reports. The EPA asked the district court to grant summary judgment in its favor on the basis of its proffer or, in the

6

alternative, that the court grant summary judgment in Murray's favor if it were to conclude that the agency's proffer was insufficient.

Murray moved to hold in abeyance the EPA's motion for summary judgment pending the completion of discovery. The district court granted Murray's motion, and discovery continued.[1]

At the close of discovery, the EPA filed a renewed motion for summary judgment. The EPA reiterated its position that Murray's suit was not judicially cognizable and that, even if it was, Murray lacked standing to bring its suit. Finally, the EPA renewed its request for an up-or-down merits ruling that its proffer demonstrated compliance with Section 321(a). In light of the continuous nature of the EPA's duty under Section 321(a), the EPA's proffer at the renewed summary judgment stage increased from fifty-three to sixty-four relevant documents.

On October 17, 2016, the district court issued an opinion and order granting summary judgment in Murray's favor. *Murray Energy Corp. v. McCarthy*, No. 5:14-cv-39, 2016 WL 6083946 (N.D.W. Va. Oct. 17, 2016) ("Summary Judgment Opinion").

---

[1] At one point during discovery, the district court refused to preclude a noticed deposition of the EPA Administrator that was designed to address an alleged conflict between the EPA's litigation position that it had complied with Section 321(a) and prior concessions by the EPA to Congress that it had not been conducting evaluations for the purpose of Section 321(a) compliance. This Court, however, ultimately granted a writ of mandamus precluding the noticed deposition. *In re McCarthy*, 636 F. App'x 142 (4th Cir. 2015). We explained that the claim that the EPA had not prepared documents with the *intent* of Section 321(a) compliance was not in conflict with the claim that the agency had nonetheless prepared documents with the *effect* of Section 321(a) compliance, as nothing in Section 321(a) conditions compliance on intent. *Id.* at 143–44.

The court first held that Section 321(a) creates a non-discretionary duty that gives rise to Section 304(a)(2) jurisdiction. The court then held that Murray possessed standing to seek redress for alleged procedural, economic, and informational injuries.

Finally, the court ruled in Murray's favor on the merits. The court read Section 321(a) as obligating the EPA to assess the actual, site-specific employment effects of CAA implementation. The court concluded that the EPA's proffered documents did not satisfy this requirement. In light of this conclusion, the court ordered the EPA to file a "plan and schedule for compliance with [Section] 321(a) both generally and in the specific area of the effects of its regulations on the coal industry." *Id.* at *28.

On October 31, 2016, the EPA submitted a response to the Summary Judgment Opinion. The EPA's response opened with a set of objections to the court's jurisdictional, merits, and preliminary remedial rulings. Nonetheless, the EPA's response ultimately set forth a proposed plan and schedule to supplement its performance of Section 321(a) evaluations. The EPA's proposal drew sharp criticism from Murray.

On December 14, 2016—before the district court had resolved the issue of an appropriate remedy—Mon Valley Clean Air Coalition and related non-governmental organizations (collectively, "Mon Valley") filed a motion for leave to intervene in support of the EPA. Specifically, Mon Valley claimed to have an interest in the EPA's regulatory activities under the CAA, and sought intervention under Federal Rule of Civil Procedure 24 to prevent Section 321(a) from being used to stay or impede certain CAA regulations.

8

On January 11, 2017, the district court issued an opinion and order outlining the appropriate remedy. *Murray Energy Corp. v. McCarthy*, No. 5:14-cv-39, 2017 WL 150511 (N.D.W. Va. Jan. 11, 2017) ("Remedial Opinion"). In its opinion, the court rejected the EPA's proposed plan and schedule, and opted to craft its own remedy. The court's remedy was an extensive injunction ordering the EPA to conduct an evaluation identifying, *inter alia*, facilities that are at risk of closure or reductions in employment because of the EPA's coal-related regulatory activities under the CAA, the past employment ramifications of those activities, and the impact of CAA-related employment losses and shifts on families and communities. *Id.* at *11.

The court stopped short, however, of granting Murray complete relief. Specifically, the court denied Murray's request for an injunction staying the effective date of certain pending CAA regulations and limiting the EPA's authority to propose or finalize new CAA regulations pending the agency's compliance with Section 321(a). The court reasoned that it lacked the authority to grant such relief in light of Section 321(d), 42 U.S.C. § 7621(d), which in pertinent part provides: "Nothing in [Section 321] shall be construed to require or authorize the [EPA] Administrator . . . to modify or withdraw any requirement imposed or proposed to be imposed under this chapter." *Id.* (quoting 42 U.S.C. § 7621(d)).

On January 17, 2017, the district court issued an order denying as moot Mon Valley's motion to intervene, explaining that the court in its Remedial Opinion had already denied the relief that Mon Valley opposed. *Murray Energy Corp. v. McCarthy*, No. 5:14-cv-39 (N.D.W. Va. Jan. 17, 2017), J.A. 288–89 ("Intervention Order"). The

9

court's order also administratively closed the case, but noted that the court would continue to supervise the implementation and enforcement of its injunction against the EPA.

The EPA noted timely appeals of the Summary Judgment Opinion, the Remedial Opinion, and the Intervention Order. On appeal, the EPA challenges the district court's adverse jurisdictional, merits, and remedial rulings.[2] In addition, Mon Valley noted a timely appeal of the Intervention Order. On appeal, Mon Valley challenges the district court's denial of the organization's motion to intervene. We consolidated the EPA's set of appeals and Mon Valley's appeal, and we examine each in turn.

## II.

We begin by reviewing the district court's conclusion that Section 304(a)(2) authorizes Murray's Section 321(a)-based suit against the EPA. Because this conclusion implicates the subject matter jurisdiction of the federal courts, we review it de novo. *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). We hold that the district court erred in concluding that it could adjudicate Murray's suit pursuant to Section 304(a)(2).

Section 304(a)(2) authorizes suit to correct "a failure of the [EPA] Administrator to perform any act or duty under [the CAA] which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2). We have construed Section 304(a)(2) "narrowly" by confining its scope to the enforcement of legally required acts or duties of

---

[2] Neither the EPA nor Murray contests the district court's decision to partially deny Murray injunctive relief.

a specific and discrete nature that precludes broad agency discretion. *Monongahela Power Co. v. Reilly*, 980 F.2d 272, 276 n.3 (4th Cir. 1992) (citing, *inter alia*, *Envtl. Def. Fund v. Thomas*, 870 F.2d 892, 899 (2d Cir. 1989); *Mountain States Legal Found. v. Costle*, 630 F.2d 754, 766 (10th Cir. 1980); *Kennecott Copper Corp. v. Costle*, 572 F.2d 1349, 1355 (9th Cir. 1978)).

Our narrow construction reduces the risk of judicial disruption of complex agency processes—a vice that Congress appeared intent on avoiding by writing a non-discretionary requirement into the statute. *See Kennecott*, 572 F.2d at 1353 (explaining that Section 304(a)(2)'s "legislative history reveals that Congress recognized the potential for disruption of the administrative process inherent in a broad grant of jurisdiction," and inserted the non-discretionary requirement into the statute in order to minimize such disruption (citing S. Comm. on Public Works, 93d Cong., 2d Sess., A Legislative History of the Clean Air Amendments of 1970, Serial No. 93-18, Vol. 1 at 278 (1970))); *accord Nat. Res. Def. Council, Inc. v. Thomas*, 885 F.2d 1067, 1073 (2d Cir. 1989).

Moreover, our narrow construction gives Section 304(a)(2) a scope similar to that of both the traditional mechanism for judicial review of agency operations, the writ of mandamus, and the modern mechanism for judicial review of many types of agency inaction, Section 706(1) of the Administrative Procedure Act (APA), 5 U.S.C. § 706(1). *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004) (describing mandamus relief as "normally limited to enforcement of a specific, unequivocal command, the ordering of a precise, definite act about which an official had no discretion whatever," and further explaining that "a claim under § 706(1) can proceed only where a plaintiff

asserts that an agency failed to take a *discrete* agency action that it is *required to take*") (internal quotation marks, citations, and alterations omitted).

With this understanding in mind, we turn to the question of whether Section 304(a)(2) authorizes suits to enforce the duty outlined in Section 321(a). As described above, Section 321(a) provides that the EPA "shall conduct continuing evaluations of potential loss or shifts of employment which may result from the administration or enforcement of the provision of [the CAA] and applicable implementation plans, including where appropriate, investigating threatened plant closures or reductions in employment allegedly resulting from such administration or enforcement." 42 U.S.C. § 7621(a). This statutory language, in our view, does not impose on the EPA a specific and discrete duty amenable to Section 304(a)(2) review.

Rather, Section 321(a)—when read as a whole—imposes on the EPA a broad, open-ended statutory mandate. To begin, Section 321(a) calls for *evaluations* of the potential employment impact of regulatory and enforcement activities—a duty which demands the exercise of agency judgment. *See Webster's Third New Int'l Dictionary* 786 (1976) (defining "evaluate" as "to examine and judge concerning the worth, quality, significance, amount, degree, or condition of"). Moreover, the relevant class of regulatory and enforcement activities is extensive—it is *the entire set of actions administering and enforcing the CAA*. Finally, and perhaps most importantly, the required evaluations are not confined to a discrete time period, but instead are to be conducted on a *continuing* basis. *Cf. Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 890 (1990) (refusing to treat a certain set of "continuing (and thus constantly changing)

12

operations of the [Bureau of Land Management]" as an "agency action" reviewable under the APA).

The open-ended nature of Section 321(a)'s command is further confirmed by what the statute does not say. Section 321(a) calls for evaluations without, for the most part, specifying guidelines and procedures relevant to those evaluations.[3] Furthermore, Section 321(a) establishes no start-dates, deadlines, or any other time-related instructions to guide the EPA's continuous evaluation efforts.

The EPA is thus left with considerable discretion in managing its Section 321(a) duty. The agency gets to decide how to collect a broad set of employment impact data, how to judge and examine this extensive data, and how to manage these tasks on an ongoing basis. A court is ill-equipped to supervise this continuous, complex process. *Cf. Vill. of Bald Head Island v. U.S. Army Corps of Eng'rs*, 714 F.3d 186, 194 (4th Cir. 2013) (explaining, in an APA case, that "the obvious inability for a court to function in such a day-to-day managerial role over agency operations" justifies "limit[ing] judicial review to discrete agency action" (citing *Norton*, 542 U.S. at 62–64)).

---

[3] The only detail of the evaluation duty that Section 321(a) provides is that the duty includes "investigating threatened plant closures or reductions in employment allegedly resulting from [CAA] administration or enforcement." 42 U.S.C. § 7621(a). However, Section 321(a) explicitly notes that these investigations need only be conducted "where appropriate," *id.*, and thereby renders them a matter of agency discretion unreviewable under Section 304(a)(2). *See Guilford Cty. Cmty. Action Program, Inc. v. Wilson*, 348 F. Supp. 2d 548, 556 (M.D.N.C. 2004) (holding that a statute providing that a state "shall" offer training and assistance "if appropriate" leaves the state with "discretion in providing training and assistance"); *cf. Michigan v. EPA*, 135 S. Ct. 2699, 2707 (2015) (explaining that "'appropriate' is the classic broad and all-encompassing term"—one that "leaves agencies with flexibility") (internal quotation marks omitted).

On a final note, we add that Section 321(a)'s poor fit for judicial review is underscored when the statute is viewed alongside other CAA provisions that offer discrete directives accompanied by specific guidance on matters of content, procedure, and timing. For example, the very next provision, Section 321(b), 42 U.S.C. § 7621(b), directs the EPA to investigate an employee's claim that an actual or proposed CAA requirement adversely affected his or her employment, and establishes a framework for related public hearings, reports, and findings of fact. Meanwhile, Section 317, 42 U.S.C. § 7617, directs the EPA to prepare economic impact assessments for enumerated agency actions, and outlines deadlines, procedural details, and specific factors for analysis. Section 321(a) fails to offer such clear instructions that could serve as a solid basis for judicial review.

Accordingly, we hold that Section 304(a)(2) does not authorize the instant suit by Murray against the EPA, and that the district court thus lacked jurisdiction over the suit.[4] Consequently, we vacate the district court's judgments insofar as they impact the EPA, and remand this matter to the district court with instructions that it dismiss Murray's suit for want of jurisdiction. *See Steel Co v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101

---

[4] Murray briefly suggests that—setting aside Section 304(a)(2) of the CAA—jurisdiction may be conferred to the district court in this case by the APA, *see* 5 U.S.C. § 702 et seq., or by the mandamus statute, *see* 28 U.S.C. § 1361. Assuming *arguendo* that the APA or the mandamus statute could ever authorize judicial review of the EPA's compliance with the CAA, we conclude that those provisions do not do so in this case. As explained above, those provisions only empower a court to respond to an agency's failure to act in the face of a clear-cut duty, *see Norton*, 542 U.S. at 63–64; they do not empower a court to supervise an agency's compliance with a broad statutory mandate of the sort contained in Section 321(a), *see id.* at 66–67.

(1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868))). In light of this disposition, we decline to address the EPA's challenges to the district court's standing, merits, and remedial rulings.[5]

## III.

We next turn to Mon Valley's appeal of the district court's denial of its motion to intervene. We conclude that this appeal is moot, and must therefore be dismissed.

"A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) (quoting *Simmons v. United Mortg. & Loan Inv. LLC*, 634 F.3d 754, 763 (4th Cir. 2011)). We have recently described the circumstances in which an appeal of a denial of a motion to intervene is not rendered moot by the dismissal of the underlying action: "[W]e can provide an effective remedy on appeal and therefore have jurisdiction" only "[1] when

---

[5] We note one additional point. In its appellate briefing, Murray claims that the EPA's alleged dereliction of its Section 321(a) duty constitutes "agency action unreasonably delayed" that is actionable under Section 304(a) of the CAA, 42 U.S.C. § 7604(a). We decline to consider this claim because Murray failed to plead it in its complaint. *See S. Walk at Broadlands Homeowners Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaint through briefing.").

the motion to intervene is made while the controversy is live and [2] the subsequent disposition of the case does not provide the relief sought by the would-be intervenors" and does not preclude us from granting said relief. *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 475 (4th Cir. 2015).

Assuming *arguendo* that Mon Valley has satisfied the first condition for jurisdiction, its appeal nonetheless falters on the second condition. Mon Valley sought to intervene in this case to help the EPA resist Murray's request for an injunction restricting the EPA's regulatory authority under the CAA pending the agency's compliance with Section 321(a). However, our holding that the EPA's compliance with Section 321(a) is not judicially reviewable under Murray's jurisdictional theories—plus our resulting remand for dismissal of Murray's suit—forecloses the possibility that the district court could issue the above-described injunction. Our disposition of this case therefore provides Mon Valley all of the relief it was seeking through intervention, and leaves us with no basis to entertain the organization's appeal of the denial of its motion to intervene. As such, that appeal must be dismissed as moot.[6]

---

[6] For the first time on appeal, Mon Valley argues that it has an interest in influencing the content of the evaluations that the district court ordered the EPA to conduct. Even if we assume that this belated argument is properly before us, it still does not alter our conclusion that Mon Valley's appeal is moot. Because we are vacating the district court's orders against the EPA and remanding for dismissal of Murray's suit, there are no longer any valid court-ordered evaluations that we can authorize Mon Valley to participate in. In other words, our disposition of this case precludes us from granting Mon Valley the remedy that it seeks.

IV.

For the foregoing reasons, we vacate the district court's judgments insofar as they impact the EPA, and remand with instructions to have Murray's suit dismissed for want of jurisdiction. We also dismiss as moot Mon Valley's appeal of the denial of its motion to intervene.

*VACATED IN PART AND*
*REMANDED WITH INSTRUCTIONS;*
*DISMISSED IN PART*